## TAYLOR v. ROBERTS.

1. As a *general rule*, the answer of one defendant, in a cause in Chancery, is not evidence against his co-defendant.
2. Trustees are responsible for their own acts, and not for the acts of each other, unless they have made some agreement, by which they have expressly agreed to be bound for each other; or have, by their own voluntary co-operation, or connivance, enabled each other to accomplish some known object in violation of the trust.
3. A matter may be referred to the master, and his report made and confirmed, all at the same term of the Court.
4. Where a bill is improperly dismissed, at the hearing, as to one defendant, and a decree rendered against another, the complainant may reverse the order of dismissal on writ of error.

This cause comes here by writ of error from the Chancery Court sitting at Cahawba.

IN April, 1835, the defendant in error filed his bill against the plaintiff in error, Dillen Blevins and Fielding Vaughan, alleging that on the 18th February, 1833, Vaughan, together with one George Rives, made their promissory note for a valuable consideration, by which they promised to pay to the complainant the sum of one thousand dollars, twelve months after date. That after the receipt of that note by the complainant, he went to Montgomery on a visit, and while there, fell in company with Taylor and Blevins, who invited him to play at cards; that he yielded to their solicitations, and Taylor won from him the note of Vaughan and Rives, which he indorsed to him. The complainant further charges, that Taylor and Blevins were professional gamblers, and combined together to induce him to bet, &c. That suit had been brought in the Circuit Court of Dallas, by Taylor, against Vaughan, as an indorsee of the note, for the use of Blevins, and prosecuted to judgment.

The bill prayed that Vaughan be injoined from paying, and Taylor and Blevins from collecting the judgment; that process of *subpœna* might issue; and that the money to be collected, be paid to the complainant.

Taylor and Blevins, in their answers, admit that the former

played at cards with the complainant; as he had alleged in his bill; that the note of Rives and Vaughan was bet by the complainant on the game, and upon his losing the same, that he indorsed it to Taylor, the winner ; that suit had been brought thereon, as stated by the complainant, and judgment recovered against Vaughan. But these defendants explicitly deny all unfairness, in the playing on their part ; and conclude, by praying in their answer, the benefit of a demurrer to the bill.

Upon the coming in of these answers, the defendants moved to dissolve the injunction, and dismiss the bill for want of equity ; which motion was granted, and the bill dismissed generally, at the costs of the complainant. From this decree, the complainant prosecuted a writ of error to this Court ; and the same was reversed, and the cause remanded.

Vaughan then came in and answered the bill, admitting the making of the note, and the recovery of the judgment thereon, as alleged ; and stating that after the dissolution of the injunction against him, he had fully paid and satisfied the same.

Upon the coming in of Vaughan's answer, an order was made, at the instance of the complainant, requiring William S. Phillips, the attorney who obtained the judgment, at the suit of Taylor, to answer the bill within ninety days. Phillips answered, but stated nothing material, except the prosecution of the suit, the recovery of the judgment, and its payment after the dissolution of the injunction.

In the record there is a bill, purporting to be a supplemental bill, filed by the complainant, on which there does not appear to have been any proceedings ; and which was voluntarily dismissed by him.

The cause coming on to be heard on the original bill, and the answers filed, the Chancellor rendered his decree, dismissing the bill as to all the defendants, except Taylor, and referred it to the master to ascertain and report the amount due on the note in question, for principal and interest. Whereupon, the master submitted his report, which was confirmed, and a decree rendered against Taylor accordingly—the reference, report and final decree being rendered at the same term of the Court.

J. B. CLARKE, for the plaintiff in error.
PECK & L. CLARK, for the defendant.

COLLIER, C. J.—It is insisted by the plaintiff in error, that the Chancellor erred,

1st. In rendering a decree against him for the note, or any part thereof.

2d. In rendering a final decree at the same term of the Court at which the master made his report.

1. When this cause was here at January, 1838, we decided, that the indorsement of the note of Rives and Vaughan, by the defendant in error to the plaintiff, being induced by a consideration, which the law denounces as illegal, passed no interest in the note to the indorsee as against his indorser; and that Taylor, and Blevins, who claimed under him with a full knowledge of the circumstances under which the note was acquired, could be " considered in no other light, than that of a trustee for the true owner." 8 Porter's Rep. 251.

This being the law of the case, the defendant in error was entitled to the full benefit of the judgment against Vaughan; or that being satisfied, he might recover of Taylor and Blevins, according to the sums they had respectively received on that judgment.

Though it appears from the answers of Vaughan and Phillips, that the judgment has been fully satisfied, and the proceeds paid to the order of Blevins; yet these answers can not be regarded as evidence against the other defendants to the bill. It may be considered as an indisputable *general rule*, that the answer of one defendant is not evidence against his co-defendant. This rule has its exceptions, but the case before us, is not one. 3 Phil. Ev. 931; C. & H's ed. and the cases there cited. But Phillips was not a defendant, and his answer can not be considered in the scale of evidence, as entitled to more weight, than a mere *ex parte* affidavit taken at the instance of the complainant.

Placing the answers of Vaughan and Phillips, entirely out of view, as evidence against their co-defendants, and there is nothing to inform us, that the judgment against Vaughan has been satisfied. If it has not, the parties in whose name the suit was brought, we have seen, are mere trustees for the complainant, and should be declared such, and the judgment adjudged to belong to him.

It is not attempted by the bill to charge Taylor and Blevins

for a conversion of the note of Rives and Vaughan, and it may be well questioned, whether an action at law, founded upon such an idea, could be sustained; that Equity would not entertain a bill, in which such an allegation was the *gravamen* of the case, will not be disputed. Yet in order to sustain the decree, we must be satisfied, that Taylor was guilty of a wrongful conversion of the note, and that Chancery could afford to the complainant the proper redress for such an injury. The first conclusion can not be attained, for it appears both from the bill and answers, that the complainant, under the form of a contract, voluntarily parted with the possession to Taylor, and it is not pretended that the note has been used by him for a purpose not contemplated by the parties at the time he acquired it; and the latter conclusion is alike untenable, for a Court of Chancery will not lend its aid to repair an injury founded in a *tort*, and where the damages are unliquidated.

It appears from the answers of Taylor and Blevins, that they were jointly interested in the game at which the note was won of the complainant, and the suit was brought in Taylor's name, for the use of Blevins, although the latter was the owner of the note, because the former had omitted to transfer the legal interest by an indorsement. This being the case, if Taylor and Blevins are to be regarded as trustees for the complainant, then they must be liable each one for himself, for so much of the judgment as he received, or otherwise had the benefit of. The general rule is, that they are responsible only for their own acts, and not for the acts of each other, unless they have made some agreement, by which they have expressly agreed to be bound for each other; or they have by their own voluntary co-operation or connivance, enabled each other to accomplish some known object, in violation of the trust. 2 Story's Equity, 520, *et post*.

There is nothing in the record showing, that Taylor and Blevins should be liable each for the money received by the other, on the judgment against Vaughan; and consequently they are individually liable for the amounts respectively received by them. If one of them has, in good faith, under a contract made previous to the exhibition of the complainant's bill, had the benefit of the entire judgment, then he alone should be subjected to the decree.

Taylor *v.* Roberts.

To recapitulate—the complainant was entitled to a decree, adjudging to him the judgment against Vaughan, if it was unsatisfied: if that judgment was satisfied, then he was entitled to a decree against Taylor and Blevins, severally, for such portions of it as they respectively received, or appropriated to their own use ; or if one of them had the entire benefit of the judgment, then he alone should be charged. But the answers of Vaughan and Phillips could not be received as evidence to charge either Taylor or Blevins with the receipt of money on the judgment.

2. In Mussina v. Bartlett, (8 Porter's Rep. 277,) which was a bill for the foreclosure of a mortgage, we held that it was competent to refer the bill to a master, to take and report an account of the monies due upon the mortgage, and to receive his report and render a final decree in the cause, at the same term. This case is decisive to show, that the report of the master might be confirmed at the term at which it was made.

But upon the first point considered, the decree of the Chancellor must be reversed, and the cause remanded, that it may be disposed of, according to the principles indicated. The dismissal of the bill as to Blevins was erroneous, taking the facts stated by himself and his co-defendant Taylor, to be true, as from the posture of the case they must be ; but in order to bring in Blevins again, it will be necessary for the complainant to obtain a reversal of the decree dismissing the bill as to him.

We have thought it proper to state the law applicable to this cause with particularity, that the complainant may be advised against whom he is entitled to relief, and by what proof the measure of that relief may be ascertained.